IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY GARDNER, #1003719 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-245 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION. | § | |

### **REPORT AND RECOMMENDATION**

Before the Court is the application of Kirby Gardner for the issuance of a writ of habeas corpus. Gardner challenges disciplinary case numbers **20060048177** and **20060047476.** In the former disciplinary case, Petitioner's punishment consisted of fifteen days solitary confinement; 45 days recreation and commissary restriction; "demotion from earning good-time credit to not earning status"; and a loss of 45 days good time. The second disciplinary case resulted in a loss of thirty days good-time credits and a loss of 45 days recreation and commissary privileges. Petitioner alleges that his first disciplinary conviction was not rendered in accord with TDCJ rules, and that the second disciplinary conviction is invalid because "the charging officer's subjective allegations fails to meet the textual language's descriptive elements necessitating conduct prohibited for a Code 20.0 infraction. Petitioner seeks to have both disciplinary convictions expunged from his record and reinstatement of lost good-time credits.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately

affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Petitioner complains of due process violations committed during the course of his disciplinary proceedings; however, Petitioner is not eligible for the protections afforded by the Due Process Clause.

Though Petitioner failed to include a properly executed habeas application with his "Brief in Support for Title 28 U.S.C. § 2241," he is not an infrequent visitor to this Court and the Court was easily able to ascertain, through habeas documents filed by Petitioner in 2005, that Petitioner is ineligible for mandatory release. As such, a loss of good time credits does not affect the duration of his sentence and does not, therefore, trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). Moreover, to the extent Petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED for failure to state a claim upon which federal habeas relief is available**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. The Petitioner **SHALL** have until **May 23, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any objections filed **SHALL** be contained in a written document specifically entitled **"Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____9th_____ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge